IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| FREDERICK HERROD | § | |
| v. | § | CIVIL ACTION NO. 5:23cv16 |
| THE 79TH MEMBERS OF CONGRESS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Frederick Herrod, an inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed this civil action complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Referral Order RS-72-3. Although Plaintiff has filed a notice saying that he does not consent to the use of a Magistrate Judge in his case, a referral to the Magistrate Judge for pre-trial and preliminary proceedings (as opposed trial proceedings under 28 U.S.C. §636(c)) does not require the consent of the parties. *See Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). The sole named Defendant is the "members of the 79th Congress," which met from January 3, 1945 to January 3, 1947.

**I. Background**

In his amended complaint, Plaintiff cites *Bush v. Lucas*, 462 U.S. 367, 374 (1983) as saying that federal courts have power to grant relief not expressly authorized by Congress. Plaintiff interprets this to mean that "if a particular remedy is needed by the petitioner that is not provided or limited/restricted by the rules and procedures put in place by Congress, the petitioner requesting the judicial power of an individual judge shall extend to all cases in law and equity arising under the Constitution and laws of the United States." He poses a number of questions which he asks to be "certified," including asking whether it is necessary to prove that § 2255 is inadequate or ineffective

to test the legality of his detention before he can receive the privilege of habeas corpus, whether the members of the 79th Congress which enacted § 2255 intended to provide a remedy exactly commensurate with common-law habeas by making the habeas remedy only available through a habeas substitute statute and not prohibiting *res judicata* in that statute to access the remedy, and whether he was denied protection under the Suspension Clause by using procedural barriers and not giving him an "affirmative right to judicial inquiry into the cause of his detention."

Plaintiff states that he is not bringing his case under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and that this is not a lawsuit for monetary damages but rather for declaratory relief. He also specifies that it is not an individual-capacity case. He explains that he is suing the members of the 79th Congress which enacted § 2255, although he concedes that many or most of these persons may be deceased. He asks that their successors be substituted as parties. Plaintiff states that he is not seeking monetary damages, but a "declaratory judgment from the court that is a judicial remedy (only) from the suspension clause that the framers defined as the privilege of habeas corpus to be an affirmative right to judicial inquiry into the cause of detention (access to habeas remedy only and not relief), and the Supreme Court holdings in St. Cyr [*I.N.S. v. St.Cyr*, 533 U.S. 289, 301 (2001), *superseded by statute as stated in Medellin-Reyes v. Gonzales*, 435 F.3d 721, 722 (7th Cir. 2006)], that require at a minimum the suspension clause protects the writ of habeas corpus as it existed in 1789 when the Constitution was adopted." (Dkt. No. 7-1, p. 4). Thus, Plaintiff argues that because he is not seeking relief from the sovereign, and the judgment sought will not require action by the sovereign or disturb the sovereign's property, the doctrine of sovereign immunity does not apply.

Plaintiff asserts that he is bringing his claim under the Constitutionally-adopted 1789 era of the writ of habeas corpus. He states that "the enacted statutory habeas substitutes that contain procedural barriers allowed by legislature have caused the petitioner immediate danger and injury as according to what the framers' understanding of the writ of habeas corpus meant at the time the Constitution was drafted." (Dkt. No. 7-1, p. 8).

Plaintiff argues that he has shown that the remedy under § 2255 is inadequate or ineffective, pointing to an order from the U.S. District Court from the Western District of Arkansas attached to his original complaint construing a habeas petition by Plaintiff as a motion under § 2255 (Dkt. No. 1-6, p. 2). On August 12, 2022, Plaintiff's motion to vacate or correct sentence under § 2255 was denied (Dkt. No. 1-7, p. 2).

The Arkansas court determined that any issues resolved on direct appeal could not be relitigated in a § 2255 proceeding, and Plaintiff argues that this is "the evidence of res judicata applied against the petitioner which affected his affirmative right to a judicial inquiry into the cause of detention, as the framers understood the writ of habeas corpus in the Constitution." (Dkt. No. 1-1, p. 11). He complains that the State of Arkansas used "arbitrary prosecution" to place him twice in jeopardy for the same offense for which he received 108 months in federal prison. He says that Fed. R. Crim. Pro. 7(b) is unconstitutional because it allows him to waive his right to indictment by a grand jury and plead guilty to an information. Plaintiff maintains that a prisoner barred by res judicata thereby has an inadequate or ineffective remedy under § 2255 and thus should be entitled to proceed in habeas corpus under 28 U.S.C. § 2244.

Plaintiff argues that "by the 79th Congress passing 28 U.S.C. § 2255 into legislation as law, and being that by its nature it is a habeas substitute, to require a petitioner to prove that a habeas corpus substitute is inadequate or ineffective to test the legality of his detention before he receives his 'affirmative right into judicial inquiry into the cause of detention' that is protected by the Suspension Clause as the privilege of habeas corpus as the framers understood the writ as it existed in the Constitutionally-adopted era of 1789 (*see* pages 8, 9 and 7, 13 of this claim), would be considered as not doing the business which the sovereign has empowered them to do or doing it in a way which the sovereign has forbidden." (Dkt. No. 7-1, p. 16).

For relief, Plaintiff asks for "special damages under Fed. R. Civ. P. 9(g)" and that he have "an affirmative right of judicial inquiry into the cause of detention." Plaintiff also acknowledges that he cannot ask the Court to order that he be allowed to file a § 2241 habeas petition or a § 2255 motion

3

to vacate, nor can he ask the Government to repeal or amend any of its laws. He concedes that he does not know how the Court can give him this judicial remedy, but says he is asking for his inalienable rights and that the decision is "judicial in nature." (Dkt. No. 7-1, p. 17).

**II. Discussion**

The Speech and Debate Clause of the Constitution provides that "for any speech or debate in either House, they [Senators and Representatives] shall not be questioned in any other place." U.S. Const., Article I, Section 6, clause 1.  The Supreme Court has explained that this clause is interpreted broadly so as to effectuate its purposes, and includes within its protection anything generally done in a session of Congress by one of its members in relation to the business before it, including voting by members, committee reports, or a member's conduct at legislative committee hearings. *Doe v. McMillian*, 412 U.S. 306, 311-12 (1973); *Kilbourn v. Thompson*, 103 U.S. 168, 203-04 (1881).  The immunity conveyed by the Speech and Debate Clause is absolute rather than qualified; the Fifth Circuit has explained that "the reason for an absolute rather than qualified immunity is that the prospect of an unsuccessful but burdensome lawsuit might affect a legislator's performance of his or her legislative duties, thus distorting the democratic process. Because of our devotion to an unfettered representative government, we foreclose even well-founded lawsuits challenging the performance of Congress of their legislative roles." *Davis v. Passman*, 544 F.2d 865, 879 (5th Cir. 1977; *accord*, *Tenney v. Brandhove*, 341 U.S. 367, 788 (1951).

In the present case, Plaintiff sues the Members of the 79th Congress for enacting legislation which he believes his improper. Enacting legislation is an activity plainly within the protections of the Speech and Debate Clause.  Plaintiff's claim against the Members of the 79th Congress is barred by Congressional immunity as set out in the Speech and Debate Clause, and thus lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

Plaintiff's fundamental argument is that the "procedural barriers" (presumably the prohibition on successive petitions) of 28 U.S.C. § 2255 violate the Suspension Clause. The Fifth Circuit has considered and rejected that argument. *Wesson v. United States Penitentiary Beaumont Texas*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 901

n.19 (5th Cir. 2001); *Bamdad v. Wilson*, 774 F.App'x 917, *918 (5th Cir. 2019); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996) (restrictions on successive habeas corpus petitions under 28 U.S.C. § 2254 do not violate the Suspension Clause). Those decisions are binding on this Court. Consequently, Plaintiff's claim lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

In addition, the Court lacks authority to grant the relief sought or to order the sole Defendant to grant the relief sought. Although he asks for "special damages" under Fed. R. Civ. P. 9., such damages are economic in nature, being defined as "those damages which, although resulting from the commission of the wrong, are neither such a necessary result that they will be implied by law nor will be deemed within the contemplation of the parties." *Harper v. American Airlines, Inc.*, civil action no. 4:09cv318, 2009 U.S. Dist. LEXIS 151673 (N.D.Tex. 2009), *citing Cotton Bros. Baking Co. v. Industrial Risk Insurers*, 102 F.R.D. 964, 966 (W.D.La. 1984). As such, special damages are barred by Congressional immunity. Nor can the Court issue a general order that Plaintiff have "an affirmative right of judicial inquiry into the cause of his detention." The documents which he attaches show that he has had such an inquiry, in the form of the motion to vacate or correct sentence which he filed in the Western District of Arkansas, and leave to file a second such motion must be obtained from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). To the extent Plaintiff seeks a habeas remedy under 28 U.S.C. § 2241 concerning the legality of his detention, he must first satisfy the requirements of the savings clause of § 2255, which he has not done. The constitutionality of § 2255 has been repeatedly upheld, foreclosing Plaintiff's request for declaratory relief in that regard, and Plaintiff has offered nothing to suggest that Fed. R. Crim. Pro. 7 is unconstitutional. Plaintiff has failed to show any basis for relief on his claims.

### III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

A review of Plaintiff's pleadings shows that his claims lack an arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, his lawsuit may be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. Such dismissal should not affect Plaintiff's right to challenge the legality of his conviction or sentence through any lawful means.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 18th day of May, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE