IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **FREDERICK HERROD**<br><br>   Plaintiff<br><br>v.<br><br>**MEMBERS OF THE 79TH CONGRESS**<br><br>   Defendants | § § § § § § § § § § § | Case No. 5:23-cv-16-RWS-JBB |

## ORDER OF DISMISSAL

Plaintiff Frederick Herrod, an inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed the above-captioned civil action alleging violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. Docket No. 6. The named Defendant is "the members of the 79th Congress"—the 79th Congress was in session from January 3, 1945 to August 2, 1946.

As set out in his first complaint, and his motion for leave to file a second amended complaint, Plaintiff essentially claims that 28 U.S.C. § 2255 violates the Suspension Clause because it contains pre-conditions that did not exist when the Constitution was enacted in 1789. Docket Nos. 1 at 1A, 21 at 2A. He argues he first must show that the remedy available under § 2255 is inadequate or ineffective to test the legality of his confinement in order to file a habeas corpus petition challenging his conviction. Docket Nos. 1 at 1A, 21 at 2A.

Plaintiff states that he is seeking "a declaratory judgment from the court that is a judicial remedy (only) from the suspension clause that the framers defined as the 'privilege' of habeas corpus to be a 'challenge to the formal jurisdiction of the committing court' (access to habeas remedy only and not relief)." Docket No. 1 at 4. While the request for relief is not clear, Plaintiff appears to seek a declaratory judgment stating that he is entitled to seek habeas corpus relief as the writ of habeas

corpus existed in 1789, without the "procedural barriers" placed by Congress such as limitations on successive petitions. Docket No. 1-1 at 3. Court records, as well as documents furnished by Plaintiff, show that he has unsuccessfully sought relief under § 2255 for a conviction in the Western District of Arkansas and that he has unsuccessfully sought habeas corpus relief from a state conviction in Texas. *See* Docket Nos. 1-6 at 2, 4, 1-7 at 2; *United States v. Herrod*, Crim. No. 5:19-cr-50094 (W.D. Ark. Aug. 12, 2022) (denying § 2255 petition); *Herrod v. Dretke*, Civil Action No. 3:03-cv-1788, 2005 WL 910511 (N.D. Tex. April 18, 2005) (denying habeas corpus relief); *In re Herrod*, slip op. 22-10366 (5th Cir., Sept. 6, 2022) (denying leave to file a successive habeas petition).

On May 18, 2023, the Magistrate Judge issued a report recommending that the lawsuit be dismissed as frivolous or for failure to state a claim upon which relief may be granted. Docket No. 17. The Magistrate Judge stated that under the Speech and Debate Clause of the Constitution, Plaintiff cannot sue the members of the 79th Congress for enacting legislation with which he disagrees. *Id.* at 4–5. The Magistrate Judge also determined that the "procedural barriers" about which Plaintiff complains, such as the limitations on successive petitions, do not violate the Suspension Clause. *Id.* (citing *Wesson v. United States Penitentiary Beaumont Texas*, 305 F.3d 343, 347 (5th Cir. 2002)). The Magistrate Judge further concluded that the Court lacks authority to grant the relief sought or to order the Defendant to grant the relief sought. *Id.* at 5.

Plaintiff objected to the Magistrate Judge's report and recommendations. Docket No. 25. Plaintiff generally argues *Boumediene v. Bush*, 553 U.S. 723 (2008) states that the Suspension Clause protects the writ of habeas corpus as it existed in 1789. *Id.* at 1–4. He argues the "privilege of habeas corpus" is "a meaningful opportunity to demonstrate that he is being held pursuant to an erroneous application or interpretation of relevant law" and that the habeas court "must have the power to order the conditional release of an individual unlawfully detained." *Id.* at 1 (internal quotations omitted). He appears to contend that the courts that heard his habeas and § 2255 petitions did not have the

power to order his conditional release because of the statutory limitations imposed in 28 U.S.C. § 2244 and § 2255. *Id.* at 4. In his objections, Plaintiff also relies on his second amended complaint to argue that special damages are permitted pursuant to *Boumedine*. *Id.* at 2.[1]

Plaintiff asserts that the Speech and Debate Clause does not bar his claims because Congress acted outside of its "legitimate legislative sphere." Docket No. 25 at 2. These objections are without merit. In *Boumediene*, the Supreme Court held that aliens detained as enemy combatants at Guantanamo Bay were entitled to challenge the legality of their detention through habeas corpus. *Boumediene*, 553 U.S. at 771–72. The case concerned the Military Commissions Act, not § 2255, and did not alter the multiple cases holding that § 2244 and § 2255 do not violate the Suspension Clause. *See id.* at 774 (discussing *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996)); *see also*, *Wesson*, 305 F.3d at 347. The fact that Plaintiff did not succeed in his previous challenges to his state and federal convictions, and now is required to seek leave from the appellate courts to do so again, likewise does not show a Suspension Clause violation. *Bamdad v. Wilson*, 774 F.App'x 917, *918 (5th Cir. 2019) (unpublished); *see also Jones v. Hendrix*, slip op. no. 21-857, 599 U.S. –, 2023 WL 4110233 (June 22, 2023) (upholding restrictions on filing a second or successive § 2255 motion based on an intervening change in interpretation of a criminal statute). Accordingly, Plaintiff's objections are unpersuasive.

Since the Report of the Magistrate Judge was entered, Plaintiff has filed several motions, including, for example, a supplemental brief, multiple motions for leave to amend the complaint, multiple motions claiming imminent danger or irreparable harm, a "motion seeking final declaratory relief from ex parte proceedings," and a motion for judicial notice Docket Nos. 18, 20, 22–24, 26–

---

[1] Plaintiff also offers some collateral arguments, such as the need to clarify whether *res judicata* or "law of the case" was applied to his arguments before the Western District of Arkansas (Docket No. 25 at 2) and challenging case law based on typographical errors in the report and recommendation. (*Id.* at 3 (citing 71 S.Ct. at 788 rather than 341 U.S. at 375–76)). We need not address these collateral issues because Plaintiff's objections fail to address that the Court lacks authority to grant the relief sought.

31. These filings primarily repeat Plaintiff's arguments in his original complaint and in his objections to the report and recommendation. For example, in his supplemental brief, Plaintiff again argues that the prohibition on filing successive petitions without authorization from the appellate court violates the Suspension Clause. Docket No. 18, 2. In his motion seeking final declaratory relief, Plaintiff repackages his complaints and objection to state he is entitled to emergency relief, arguing that

> he is without fault in creating this crisis that requires ex parte relief because Congress when enacting the habeas substitute statutes that the plaintiff was required to use by law did not provide suspension clause protection as the writ existed in 1789. This is due to the language of the habeas substitute statutes and their clear statutory commands.

Docket No. 24, 2. He adds that not allowing his claim to be heard by ex parte application irreparably prejudices him because "it exposes his privilege of habeas corpus to the possibilities of society which may threaten legislation to enact law if [sic] cases of rebellion or invasion in which the writ could face suspension," pointing to alleged threats from Russia, China, and North Korea. *Id.* at 3. He also says that he faces irreparable injury because he is not able to "litigate . . . for his liberty." *Id.* at 1.

Plaintiff's "motions to prove imminent danger" contend that he is in imminent danger of serious physical injury because

> although he was convicted using congressional statutes that do not provide a court with proper jurisdiction and due process according to the U.S. Constitution, plaintiff has no Congressional statutory remedy that has adequate or effect force to inquire into the true cause of his detention, because of procedural barriers that Congress has implemented in habeas substitutes [i.e. § 2255] in which the Constitution has entrusted the Legislature to provide laws that are necessary and proper under Article 1, sec. 8, clause 18 of the U.S. Constitution, but in doing so, the Legislature has abused their power, therefore causing imminent danger and physical injury to the plaintiff because he cannot properly litigate with force or access a remedy of habeas as the Framers understood it in 1789 for his liberty and continues to be denied of his liberty.

*See, e.g.*, Docket No. 22, 1. He also argues that Article 4.05 of the Texas Code of Criminal Procedure and 28 U.S.C. § 1251 "remove jurisdiction from the Supreme Court when the State is a party against a citizen, violating Art[icle] 3, Sec[tion] 2, cl[ause] 2 of U.S. Const[itution]," and states that this created an "arbitrary prosecution allowing [the] State of Texas to validate a charge by indictment, (a

5th Amendment principle)." Docket No. 23, 2. In his third motion concerning imminent danger, Plaintiff explains that his complaint is

> that Congress impaired the writ by not giving courts the power to order the conditional release of the plaintiff who is unlawfully detained. By 'power,' the plaintiff means statutory command. Therefore if the court has no power to solve the plaintiff's claim then he is in imminent irreparable harm due to the fact that his liberty cannot be litigated for properly, causing him to not be able to gain his liberty through one of the most important writs in our country and Constitution.

Dkt. No. 28, 1.

None of the objections or subsequent filings provide any valid basis for setting aside the Report of the Magistrate Judge. Plaintiff has not shown himself entitled to a declaratory judgment stating that he can seek habeas corpus relief without satisfying the prerequisites of the statutes, which have been repeatedly upheld in the face of similar challenges. Nor has Plaintiff shown that he is entitled to relief against the Members of the 79th Congress or their successors in office through his objections or these subsequent filings. Accordingly, his objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this civil action shall not affect Plaintiff's right to challenge his convictions or sentences through any lawful

means. A final judgment will be entered in this case in accordance with this Order. It is further

**ORDERED** that the statute of limitations is **SUSPENDED** for a period of 60 days following the date of entry of final judgment.  Such suspension shall not affect any claims upon which limitations had already expired at the time the lawsuit was filed.

**So ORDERED and SIGNED this 1st day of August, 2023.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE